DONALD CRAIG MITCHELL
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
dcraigm@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

BRIAN HOLL, JULIE JORLETT, JOHN )
SARVELA, MARILYN SARVELA, SEAN )
BARNETT, LORI BARNETT, DUSTIN )
LOUGHMAN, and TIFFANI LOUGHMAN, )
)
    Plaintiffs, )
)
v. )
) Case No. 3:24-cv-00273 JLR
SHARON AVERY, in her official )
capacity as Acting Chairwoman )
of the National Indian Gaming )
Commission, and NATIVE VILLAGE )
OF EKLUTNA, )
)
    Defendants. )
_____ )

## MOTION TO STRIKE

    The plaintiffs move the court to strike pages 14 through 24 of the motion defendant Native Village of Eklutna (NVE) has filed in which it requests the court to dismiss the First Amended Complaint (Docket No. 13), as well as all other material in that document that relate to Federal Rule of Civil Procedure 19.

The ground for this motion is that those pages and that material violate Local Civil Rule 7.1(e), which provides: "Except for alternative requests for relief or as otherwise provided by rule or order of the court, <u>each</u> motion must be filed <u>separately</u>." (emphases added).

On April 18, 2025 defendant NVE filed a motion in which it requests the court to dismiss this action "for lack of subject matter jurisdiction due to the Tribe's sovereign immunity."[1]

Defendant NVE's motion assumes that the members of defendant NVE have been lawfully designated as a "federally recognized tribe" and that as a consequence of that designation defendant NVE has sovereign immunity.

---

[1] The circuit court has rejected defendant NVE's contention that its motion to dismiss on the ground of sovereign immunity implicates this court's subject-matter jurisdiction. In *Pistor v. Garcia*, 791 F.3d 1104, 1110-1111 (9th Cir. 2015), the circuit court explained:

> The issue of tribal sovereign immunity is quasi-jurisdictional. Normally "subject-matter jurisdiction" refers to the court's statutory or constitutional power to adjudicate the case. Under that general rule, when a federal court lacks subject-matter jurisdiction, the court must dismiss the complaint, *sua sponte* if necessary. Sovereign immunity's quasi-jurisdictional nature by contrast, means that it may be forfeited where the sovereign fails to assert it <u>and therefore may be viewed as an affirmative defense</u>. In other words, sovereign immunity is not jurisdictional in the sense that it must be raised and decided by this Court on its own motion, but rather in the sense that it may be asserted at any time. (emphasis added, citations and internal punctuation omitted).

The memorandum opposing defendant NVE's motion that the plaintiffs will file within the 21 days from the date of service that Local Civil Rule 7.2(b)(1) affords will demonstrate that, rather than a "federally recognized tribe," the members of defendant NVE are - as the plaintiffs have alleged in paragraph no. 14 of the First Amended Complaint - an unincorporated association and that, they being such, defendant NVE does not have sovereign immunity.

However, rather than litigating its motion to dismiss on the ground of sovereign immunity to a decision by this court, with astoundingly brazen chutzpah defendant NVE assumes that the court will grant its motion and in the same document files a second motion that requests the court to dismiss this action pursuant to Federal Rule of Civil Procedure 19(b).

Conflating a motion to dismiss on the ground of sovereign immunity and a motion to dismiss pursuant to Federal Rule of Civil Procedure 19(b) into one motion violated the prohibition against doing so set out in Local Civil Rule 7.1(e).

There also is a consideration of fundamental fairness that supports the court granting the instant motion.

If *arguendo* the court determines that the members of defendant NVE have been lawfully designated as a "federally recognized tribe" and as a consequence of that designation

Holl v. Avery
No. 3:24-cv-00273 JLR

defendant NVE has sovereign immunity, pursuant to Federal Rule of Civil Procedure 19(b) the court then must determine whether "in equity and good conscience" this action should proceed against defendant Sharon Avery without the participation of defendant NVE.

What the court decides in that regard will be a matter of judicial discretion. See *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982). Accord more recently *Klamath Irrigation District v. United States Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022)("We review a district court's decision to dismiss a case for failure to join a required party under Rule 19 for abuse of discretion, and we review any legal questions underlying that decision *de novo*").

Rule 19(b)(1) instructs that when deciding how to exercise its discretion the court is to weigh the prejudice defendant NVE will suffer if this action is allowed to proceed against defendant Avery against the prejudice the plaintiffs will suffer if the court does not allow the action to proceed. Those considerations involve questions of fact that will merit an evidentiary hearing.

What can be said here regarding the prejudice the plaintiffs will suffer if the court dismisses this action is that since January 20, 2025 when Marnell Alaska LLC opened defendant NVE's

Holl v. Avery
No. 3:24-cv-00273 JLR

4

"casino" by "invitation only" in two construction trailers on the Ondola allotment the plaintiffs and all other residents of the Birchwood Spur Road neighborhood in which the allotment is located have suffered, and are continuing to suffer, grievous harm. <u>See</u> Affidavit of Brian Holl.

Insofar as the prejudice defendant NVE will suffer if the court allows this action to proceed against defendant Avery without defendant NVE is concerned, in *Dine Citizens Against Ruining Our Environment v. Bureau of Indian Affairs*, 932 F.3d 843, 852 (9th Cir. 2019), the circuit court instructed that "As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing parties to the suit." (citations omitted).

Whether defendant Avery will adequately represent defendant NVE's interest by making defendant NVE's legal arguments regarding why the Ondola allotment is 18 U.S.C. 1151(c) "Indian country, and, as a consequence, is "Indian lands" as section 4(4)(B) of the Indian Gaming Regulatory Act, 25 U.S.C. 2703(4)(B), defines that term is a question of fact the court best can answer by asking defendant Avery.

But while the summons and complaint in this action was served on the U.S. Attorney for the District of Alaska on

Holl v. Avery
No. 3:24-cv-00273 JLR

5

December 18, 2024, on the U.S. Attorney General on January 3, 2025, and on defendant Avery on January 27, 2025, as of the date of filing of the instant motion defendant Avery (for tactical reasons of some sort? <u>See</u> Affidavit of Donald Craig Mitchell) has not appeared in this action. As a consequence, defendant Avery is not yet available for the court to ask.

**Conclusion**

Should the court grant defendant NVE's motion to dismiss on the ground that the members of defendant NVE have been lawfully designated as a "federally recognized tribe" and as a consequence defendant NVE has sovereign immunity, the collateral practical consequence will be that defendant NVE will have prevailed regarding the first and second claims for relief alleged in the First Amended Complaint. At that point, if it wishes to do so defendant NVE can file a motion pursuant to Federal Rule of Civil Procedure 19(b) that requests the court to dismiss the third and fourth claims for relief alleged in the First Amended Complaint. And defendant NVE, defendant Avery, and the plaintiffs then can litigate that motion.

But not only is it fundamentally unfair to require the plaintiffs to simultaneously litigate a motion to dismiss on the ground of sovereign immunity and a motion to dismiss pursuant to Rule 19(b) (which presupposes that the court already has granted

the motion to dismiss on the ground of sovereign immunity), defendant NVE's conflation of those motions into one motion violated Local Civil Rule 7.1(e).

Because it did, the court should grant the instant motion.

DATED: February 21, 2025

Respectfully Submitted,

s/ Donald Craig Mitchell
_____
DONALD CRAIG MITCHELL
Alaska Bar No. 7605046

### Certificate of Service

On February 21, 2025 I served a copy of Motion to Strike, Affidavit of Brian Holl, Affidavit of Donald Craig Mitchell, and proposed Order via CM/ECF on Whitney Leonard, Richard Monkman, and Chloe Cotton, and via United States mail on Sharon Avery at

    National Indian Gaming Commission
    1849 C Street, N.W. Mailstop 1621
    Washington, D.C. 20240

s/ Donald Craig Mitchell
_____
DONALD CRAIG MITCHELL

Holl v. Avery
No. 3:24-cv-00273 JLR

7