DONALD CRAIG MITCHELL
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
dcraigm@aol.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRIAN HOLL, JULIE JORLETT, JOHN SARVELA, MARILYN SARVELA, SEAN BARNETT, LORI BARNETT, DUSTIN LOUGHMAN, and TIFFANI LOUGHMAN, <br><br> Plaintiffs, <br><br> v. <br><br> SHARON AVERY, in her official capacity as Acting Chairwoman of the National Indian Gaming Commission, and NATIVE VILLAGE OF EKLUTNA, <br><br> Defendants. | Case No. 3:24-cv-00273 JLR |

**NONOPPOSITION TO MOTION FOR RELIEF FROM LOCAL CIVIL RULE 16.3**

The plaintiffs do not oppose defendant Sharon Avery's motion for relief from Local Civil Rule 16.3.

For the following reasons.

First, if the court denies defendant Native Village of Eklutna's (NVE) pending motion to dismiss on the ground of sovereign immunity because the court concludes that the members of the NVE have not been lawfully designated as a "federally

Holl v. Avery
No. 3:24-cv-00273 JLR

recognized tribe," and, as a consequence, defendant NVE does not possess sovereign immunity, then defendant NVE also does not possess "powers of self-government" as the "Indian tribe" definition in section 4(5)(B) of the Indian Gaming Regulatory Act, 25 U.S.C. 2703(5)(B), requires. If the members of defendant NVE are not a section 4(5)(B) "Indian tribe," then defendant Avery's approval on July 18, 2024 of defendant NVE's class II gaming ordinance was *ultra vires*.

Second, if the court grants defendant NVE's pending motion to dismiss on the ground of sovereign immunity that will decide the first and second claims for relief alleged in the First Amended Complaint in defendant Avery's favor.

That will leave for decision by the court the merits of the third and fourth claims for relief alleged in the First Amended Complaint. Since the third and fourth claims for relief present questions of statutory construction regarding the intent of the 80th Congress embodied in the text of the 18 U.S.C. 1151 definition of the term "Indian country," those claims can be resolved on cross-motions for summary judgment. If so, there may be no need for defendant Avery to bear the burden of preparing and then filing the administrative record.

DATED: March 1, 2025

Respectfully Submitted,

s/ Donald Craig Mitchell

_____

DONALD CRAIG MITCHELL
Alaska Bar No. 7605046

**Certificate of Service**

On March 1, 2025 I served a copy of Nonopposition to Motion for Relief From Local Civil Rule 16.3 via CM/ECF on Whitney Leonard, Richard Monkman, Chloe Cotton, and Amanda Eubanks.

s/ Donald Craig Mitchell

_____

DONALD CRAIG MITCHELL