UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| BRIAN HOLL, et al., | CASE NO. 3:24-cv-00273-JLR |
| Plaintiffs, | ORDER |
| v. | |
| SHARON AVERY, et al., | |
| Defendants. | |

Before the court is Plaintiffs' motion to strike pages 14 through 24 of Defendant Native Village of Eklutna's (the "Tribe") motion to dismiss. (MTS (Dkt. # 14); MTS Reply (Dkt. # 24); *see* MTD (Dkt. # 13).) The Tribe and Defendant Sharon Avery, Acting Chairwoman of the National Indian Gaming Commission (together, "Defendants") oppose the motion. (Tribe MTS Resp. (Dkt. # 21); Avery MTS Resp. (Dkt. # 23).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Plaintiffs' motion.

1 | Plaintiffs assert that the Tribe's motion to dismiss violates Local Civil Rule 7.1(e),
2 | which provides that "[e]xcept for alternative requests for relief or as otherwise provided
3 | by rule or order of the court, each motion must be filed separately." (MTS at 2 (quoting
4 | Local Rules D. Alaska LCR 7.1(e)).) Specifically, Plaintiffs argue that the Tribe's
5 | motion improperly seeks two forms of relief: (1) dismissal for lack of subject matter
6 | jurisdiction based on the Tribe's sovereign immunity, and (2) dismissal for failure to join
7 | a required party under Federal Rules of Civil Procedure 12(b)(7) and 19. (*See generally*
8 | *id.* (citing MTD).) Because Defendants' motion to dismiss seeks a single form of
9 | relief—an order dismissing this action (*see generally* MTD)—it does not run afoul of
10 | Local Civil Rule 7.1(e). Therefore, the court DENIES Plaintiffs' motion to strike (Dkt.
11 | # 14).

Dated this 11th day of March, 2025.

JAMES L. ROBART
United States District Judge