Whitney A. Leonard
whitney@sonosky.net
Richard D. Monkman
rdm@sonosky.net
Chloe E. Cotton
chloe@sonosky.net
Sonosky, Chambers, Sachse,
  Miller & Monkman, LLP
510 L Street, Suite 310
Anchorage, Alaska 99501
Telephone: (907) 258-6377
Facsimile: (907) 272-8332

*Counsel for Native Village of Eklutna*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| Brian Holl, Julie Jorlett, John Sarvela, Marilyn Sarvela, Dustin Loughman, and Tiffani Loughman,<br><br>    Plaintiffs,<br><br>  v.<br><br>Sharon Avery, *in her official capacity as Acting Chairwoman of the National Indian Gaming Commission*, and Native Village of Eklutna,<br><br>    Defendants. | Case No. 3:24-cv-00273-JLR |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Native Village of Eklutna (the "Tribe") respectfully submits this reply in support of its Motion to Dismiss. The Government agrees the motion should be granted. Plaintiffs agree that the motion should be granted if the Tribe has sovereign immunity, and

Plaintiffs do not dispute the Tribe is on the Secretary of the Interior's list of federally recognized tribes. These concessions are dispositive. Plaintiffs' attack on the Secretary's inclusion of the Tribe on the Secretary's list of federally recognized tribes has been rejected by multiple court decisions and clear congressional action confirming that Alaska tribes are federally recognized tribes. Plaintiffs' limited arguments against dismissal pursuant to Federal Rules of Civil Procedure 19 concede that the Tribe is a necessary party, and that the Tribe's immunity weighs in favor of dismissal.

I. **Plaintiffs' Admissions Compel Dismissal of this Matter.**

Plaintiffs concede that "if as defendant Native Village of Eklutna (NVE) asserts . . . [it has] been lawfully designated as a 'federally recognized tribe,' then defendant NVE possesses sovereign immunity *and this court should grant its motion.*"[1] As the Government points out, "[b]y definition, . . . a '[f]ederally recognized Indian tribe' is '*an entity listed on the Department of the Interior's list* under the Federally Recognized Indian Tribe List Act of 1994, which the Secretary currently acknowledges as an Indian tribe and with which the United States maintains a government-to-government relationship.'"[2]

Plaintiffs expressly concede that the Tribe has appeared on the Secretary's list since

---

[1] Opp'n Mot. Dismiss, ECF No. 26 at 4-5 (emphasis added).

[2] Def. Avery Resp. Mot. Dismiss, ECF No. 29 at 5-6 (second alteration in original) (quoting *Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1217 (9th Cir. 2019)).

at least 1993,[3] and do not dispute that it continues to be listed there today.[4] This is dispositive.[5]

## II. Plaintiffs' Effort to Rewrite Congressional History and Undo Longstanding Judicial Precedent Fails.

Despite these admissions, Plaintiffs ask this Court to rewrite more than two centuries of Supreme Court jurisprudence and congressional actions to their liking. Plaintiffs' counsel has made the same arguments presented here in prior cases, and those arguments have been consistently rejected by the courts.[6] Plaintiffs' arguments should be rejected again here.

---

[3] Opp'n Mot. Dismiss at 16.

[4] *Indian Entities Recognized by and Eligible to Receive Services From the U.S. Bureau of Indian Affairs*, 89 Fed. Reg. 99,899, 99,902 (Dec. 11, 2024), published pursuant to the Federally Recognized Indian Tribe List Act of 1994, Pub. L. 103-454, 108 Stat. 4791, 4792 (listing "Eklutna Native Village"); *see* Mot. Dismiss, ECF No. 13 at 2 n.2.

[5] Mot. Dismiss at 8-12.

[6] Plaintiffs' arguments are a continuation of Plaintiffs' counsel's uniformly rejected crusade to prove that tribes "do not exist" in Alaska. *See, e.g.*, Amicus Br. for the Legis. Council of Alaska Legis., *Runyon v. Ass'n of Vill. Council Presidents*, 84 P.3d 437 (Alaska 2004) (Nos. S-10772, S-10838), 2003 WL 24048558, at *23-26 ("[M]ore than a century ago Congress decided that it would not create 'federally recognized tribes' in Alaska whose governing bodies would possess governmental authority and sovereign immunity."); *Runyon ex rel. B.R. v. Ass'n of Vill. Council Presidents*, 84 P.3d 437, 493 n.3 (Alaska 2004) ("declin[ing] the invitation[] of . . . amicus Legislative Council to revisit" the Court's precedents holding that Alaska Native Tribes have been federally recognized as sovereign), *overruled on other grounds by Ito v. Copper River Native Ass'n*, 547 P.3d 1003 (Alaska 2024); *Simmonds v. Parks*, 329 P.3d 995, 1004 (Alaska 2014) (rejecting counsel's arguments that Alaska tribes are not federally recognized—on which basis counsel had advised his client to ignore a tribal court order and abduct a child from a foster home—and rejecting counsel's urging to "disregard precedent to the contrary from the U.S. District Court, the Ninth Circuit, and the Alaska Supreme Court.").

As Plaintiffs acknowledge, federally recognized Tribes have sovereign immunity.[7] Despite this acknowledgement, Plaintiffs incorrectly argue that the doctrine was created by the Supreme Court in 1940; claim that the Court made a "mistake" in recognizing tribal sovereign immunity; and assert that it ignored the Constitution's grant of authority over tribes to Congress.[8] But Plaintiffs then admit, directly contradicting their own arguments, that the Court chose "to defer to Congress" in *Kiowa Tribe v. Manufacturing Technologies, Inc.*,[9] and that the Supreme Court has repeatedly reaffirmed *Kiowa*.[10] Plaintiffs further concede that Congress considered but took no action on a bill which, they assert, "would have abrogated the doctrine of tribal sovereign immunity in a number of situations," and admit even further that "[s]ince [*Kiowa*] no member of Congress has introduced legislation to reform the [immunity] doctrine" to Plaintiffs' liking.[11]

---

[7] Opp'n Mot. Dismiss at 4 (citing *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782 (2014), then citing *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382 (2023)).

[8] *Id.* at 2-3 (citing *Washington v. Yakima Indian Nation*, 439 U.S. 463, 470 (1979), then citing *United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506, 512 (1940), and then citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)). Plaintiffs' history is wrong. The roots of the tribal sovereignty doctrine stretch back centuries, to the "John Marshall Trilogy" of *Johnson v. McIntosh*, 21 U.S. (8 Wheat.) 543 (1823), *Cherokee Nation v. Georgia* 30 U.S. (5 Pet.) 1 (1831), and *Worcester v. Georgia*, 31 U.S. (6 Pet.) 515 (1832).

[9] Opp'n Mot. Dismiss at 3 (citing *Kiowa Tribe v. Mfg. Techs., Inc.*, 523 U.S. 751 (1998)).

[10] *Id.* at 3-4 (citing *Bay Mills Indian Cmty.*, 572 U.S. at 800, and then citing *Lac du Flambeau*, 599 U.S. at 385).

[11] *Id.* at 3 (citing S. 1691, 105th Cong. (Feb. 27, 1998)).

Plaintiffs admit that the Tribe has been on the Secretary's list of federally recognized tribes for decades and remains there today.[12] As the Government notes, the "list's purpose in including Alaska Native Villages, including the Tribe, was 'to eliminate any doubt as to the Department's intention by expressly and unequivocally acknowledging that the Department has determined that [Alaska Native Villages, including the Tribe] are distinctly Native communities and have the same status as tribes in the contiguous 48 states.'"[13] For this reason, federal courts have uniformly affirmed Alaska tribes' federally recognized sovereign status.[14] Plaintiffs' unfounded suggestion that only state courts have addressed this issue[15] ignores this precedent from both this Court and the Ninth Circuit. And the federal courts have specifically recognized the Native Village of Eklutna's federally recognized status in several cases.[16]

---

[12] First Am. Compl., ECF No. 7, ¶¶ 26-27, 34.

[13] Def. Avery Resp. Mot. Dismiss at 6 (quoting *Indian Entities Recognized and Eligible to Receive Services from the U.S. Bureau of Indian Affairs*, 58 Fed. Reg. 54,364, 54,365 (Oct. 21, 1993)); *see also John v. Baker*, 982 P.2d 738, 750 (Alaska 1999) (recognizing Alaska Native villages "as sovereign entities" in light of their inclusion on the Secretary's list). The *John v. Baker* decision has since been reaffirmed multiple times by both state and federal courts. *See* Mot. Dismiss at 7-8 n.27 (collecting cases).

[14] *E.g.*, *Chilkat Indian Vill. of Klukwan v. Bureau of Land Mgmt.*, No. 3:17-CV-00253-TMB, 2018 WL 9854668, at *1 (D. Alaska May 24, 2018) ("Plaintiff Chilkat Indian Village of Klukwan is a federally recognized Indian tribe."); *Douglas Indian Ass'n v. Cent. Council of Tlingit & Haida*, No. 1:15-CV-00004-RRB, 2015 WL 4909955, at *1 (D. Alaska Aug. 17, 2015) ("Plaintiff Douglas Indian Association . . . is a federally recognized Indian tribe."); *M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) (Native Village of Kwinhagak enjoys "sovereign immunity as an Indian tribe").

[15] Opp'n Mot. Dismiss at 37.

[16] *Native Vill. of Eklutna v. U.S. Dep't of Interior*, No. 19-CV-2388, 2021 WL 4306110, at *1 (D.D.C. Sept. 22, 2021) ("Eklutna is a federally recognized Indian tribe of the Dena'ina

Simply put, as Plaintiffs concede, inclusion on the Secretary's list means the Tribe is federally recognized; federal recognition means the Tribe has sovereign immunity from suit; immunity from suit means the Tribe cannot be joined as a defendant to this action; and therefore (to again quote Plaintiffs) "this court should grant [the Tribe's] motion."[17] The Tribe agrees.

### III. Plaintiffs' Argument that the Tribe's Inclusion on the Secretary's List was "Unlawful" Is Meritless and Barred by the Statute of Limitations.

In between their many concessions, Plaintiffs argue that the Tribe does not possess sovereign immunity on the theory that Assistant Secretary Ada Deer's inclusion of the Tribe and other Alaska tribes on the list in 1993 was "ultra vires."[18] This argument is without merit, and this Court should reject it.[19]

---

people whose traditional homeland is the upper Cook Inlet region of Alaska."); *Cook Inlet Tribal Council v. Mandregan*, 348 F. Supp. 3d 1, 4 (D.D.C. 2018), *order vacated in part on other grounds on reconsideration*, No. 14-CV-1835 (EGS), 2019 WL 3816573 (D.D.C. Aug. 14, 2019), and *rev'd and remanded on other grounds sub nom. Cook Inlet Tribal Council, Inc. v. Dotomain*, 10 F.4th 892 (D.C. Cir. 2021).

[17] Opp'n Mot. Dismiss at 4-5 ("Given *Kiowa Tribe*, *Bay Mills Indian Community*, and *Lac du Flambeau Band*, if as defendant Native Village of Eklutna (NVE) asserts in its motion to dismiss on the ground of sovereign immunity its members have been lawfully designated as a 'federally recognized tribe,' then defendant NVE possesses sovereign immunity and this court should grant its motion."); *see also* 89 Fed. Reg. 99,899 (Dec. 11, 2024) ("The listed Indian entities are recognized to have the immunities and privileges available to federally recognized Indian Tribes by virtue of their Government-to-Government relationship with the United States as well as the responsibilities, powers, limitations, and obligations of such Indian Tribes.").

[18] Opp'n Mot. Dismiss at 11-33. As noted above, *see supra* n.6, this argument is not new. Plaintiffs' counsel has advanced this same argument many times, and it has been uniformly rejected by courts.

[19] *See* Mot. Dismiss at 8-12.

Reply in Support of Motion to Dismiss                                                                     Page 6 of 14
*Holl et al. v. Avery et al.*, Case No. 3:24-cv-00273-JLR

Case 3:24-cv-00273-JLR     Document 33     Filed 03/24/25     Page 6 of 14

Plaintiffs' long (but incomplete and immaterial) recitation of events that took place before adoption of the 1993 list sheds little light on the legal questions here. Plaintiffs complain that tribal attorneys advocated for federal agency action on behalf of their clients, suggesting that tribal advocacy to the executive branch is somehow inappropriate. This is a story Plaintiffs' counsel has told before, and one that courts have consistently refused to adopt. For example, in *McCrary v. Ivanof Bay Village*, Plaintiffs' counsel argued that Interior lacked the authority to designate federally recognized tribes in Alaska, and—exactly as Plaintiffs argue here—that the Assistant Secretary acted outside of her authority when Interior published the 1993 list.[20] The Alaska Supreme Court rejected those arguments.[21] In *Native Village of Eklutna v. U.S. Department of Interior*, Plaintiffs' counsel represented an attempted intervenor and again made the same arguments regarding

---

[20] Brief of Appellant at 20, *McCrary v. Ivanof Bay Vill.*, 265 P.3d 337 (Alaska 2011) (No. S-13972), 2010 WL 6351949; *see also* Pet. for a Writ of Cert. at 24, *McCrary v. Ivanof Bay Village*, 566 U.S. 963 (2012) (No. 11-1092), 2012 WL 727231 ("What statute delegated Assistant Secretary Deer authority to create more than 200 'federally recognized tribes' in Alaska in purposeful contravention of Congress's Alaska Native policy simply by publishing a list of Native Entities in the Federal Register? Assistant Secretary Deer cited two statutes: 25 U.S.C. §§ 2 and 9. *Id.* at 54,364. But neither statute delegated the authority that Assistant Secretary Deer purported to exercise.").

[21] *McCrary*, 265 P.3d at 342 ("McCrary has not sustained his heavy burden to demonstrate our precedent in *John v. Baker* should be overturned. . . . Ivanof Bay is a federally recognized tribe."). Plaintiffs themselves cite *McCrary* and also *Runyon*, 84 P.3d 437, (which also involved Plaintiffs' counsel) and admit that the Alaska Supreme Court rejected counsel's argument in both cases. Opp'n Mot. Dismiss at 38-39. The U.S. Supreme Court also denied petitions for certiorari filed by Plaintiffs' counsel based on these same grounds in *John v. Baker*, 528 U.S. 1182 (2000), and *McCrary*, 566 U.S. 963 (2012).

Assistant Secretary Deer.[22] The District Court denied the motion to intervene because this argument was outside the scope of review under the Administrative Procedure Act, as it is here.[23]

Plaintiffs' opposition to the Tribe's motion to dismiss clarifies that they are effectively asking this Court to overrule Interior's 1993 decision to include Alaska Native tribes on the Secretary's list. But that is not the decision on review here. Plaintiffs are challenging the National Indian Gaming Commission's approval of the Tribe's Gaming Ordinance.[24] Nor could Plaintiffs challenge the Secretary's 1993 list now, as they are well outside the six-year statute of limitations that applies to suits against the United States.[25]

---

[22] Mem. Supp. Mot. Intervene, at 17-18, *Native Vill. of Eklutna v. U.S. Dep't of Interior*, Case No. 1:19-cv-02388 (D.D.C. June 10, 2020) ("In what statute did Congress delegate Assistant Secretary Deer authority to create more than two hundred federally recognized tribes in Alaska by unilateral agency administrative action? According to Assistant Secretary Deer, Congress intended 25 U.S.C. 2 and 9 to delegate the authority she purported to exercise. *Ibid*. at 54364. But neither statute, which Congress enacted in 1832 and 1834 respectively, did so.").

[23] Minute Order, *Native Vill. of Eklutna v. U.S. Dep't of Interior*, Case No. 1:19-cv-02388 (Aug. 19, 2020). Other cases involving Plaintiffs' counsel have followed the same pattern. *See, e.g.*, *Parks v. Simmonds*, No. 4FA-09-2508CI (Alaska Super. Ct. 2011) (challenging tribe's sovereign status and jurisdiction; argument rejected on appeal, *Simmonds*, 329 P.3d at 999, 1004-05); Br. of Edward Parks & Donielle Taylor as Amici Curiae in Support of Pet'rs at 18 n.9, *Hogan v. Kaltag Tribal Council*, 562 U.S. 827 (2010) (No. 09-960), 2010 WL 1049413 (again unsuccessfully arguing *John v. Baker* was wrongly decided), *cert. denied*, 562 U.S. 827 (2010); *McCrary v. Ivanof Bay Vill.*, No. 3:08-CV-00259-JWS, 2009 WL 10676088, at *1, 4 (D. Alaska Sept. 15, 2009) (challenging the sovereign immunity of the tribe; case dismissed for lack of subject matter jurisdiction).

[24] First Am. Compl. at 34-35 (prayer for relief).

[25] 28 U.S.C. § 2401(a).

Finally, Plaintiffs cannot escape that in 1994, Congress *expressly ratified* Interior's practice of recognizing tribes through the Secretary's list *after* Alaska tribes were included on the list.[26] The text of the statutes themselves—the starting point for any statutory analysis[27]—confirms the Secretary's duty to publish the list[28] and expressly refers to "the government-to-government relationship between the United States and . . . federally recognized Alaska Native tribes."[29] Plaintiffs' arguments otherwise cannot defeat the plain meaning of the statutes.[30] If any doubt remains, Congress again affirmed the sovereign status of Alaska tribes in the 2022 Violence Against Women Act Reauthorization Act, which expressly recognizes Alaska tribes' authority to exercise civil and criminal jurisdiction within their villages.[31]

In short, Plaintiffs' arguments regarding the Secretary's 1993 list have no merit, have been rejected by multiple courts, and are time-barred.

---

[26] Federally Recognized Indian Tribe List Act of 1994, 25 U.S.C. §§ 5130, 5131, Pub. L. 103–454, title I, § 104, 108 Stat. 4792 (Nov. 2, 1994); *see* Mot. Dismiss at 10-12.

[27] *See, e.g.*, *Van Buren* v. *United States*, 593 U.S. 374, 381 (2021) ("[W]e start where we always do: with the text of the statute.").

[28] 25 U.S.C. § 5131.

[29] Tlingit & Haida Status Clarification Act, Pub. L. No. 103-454, tit. II, § 204(a), 108 Stat 4791, 4793 (Nov. 2, 1994).

[30] *See* Opp'n Mot. Dismiss at 23-33.

[31] 25 U.S.C. § 1305(a) ("Congress recognizes and affirms the inherent authority of any Indian tribe occupying a Village in [Alaska] to exercise criminal and civil jurisdiction over all Indians present in the Village."); *see also id.* § 1305(b)-(d) (also providing for civil and criminal jurisdiction over *non*-Indians in specified circumstances); Pub. L. No. 117-103, Div. W, tit. VIII, subtit. B, § 811(a)(4), 136 Stat. 49, 905 (2022) (relying on "the unique legal relationship of the United States to Indian Tribes" as a basis for the statute).

## IV. Plaintiffs' Rule 19 Arguments Are Without Merit.

In their short response to the Rule 19 portion of the Tribe's motion, Plaintiffs assert that the United States can adequately represent the Tribe's interests in this matter.[32] This misstates the law of the Circuit, which holds that the fundamental interests of the Tribe and the Government are substantially different in this type of case.[33] Recent developments confirm the divergence of interests in this case.[34] Conclusively, Defendant Avery agrees that under Ninth Circuit precedent, the Government cannot adequately represent the Tribe's interests in this matter.[35]

Plaintiffs also suggest that the Court should consider in its Rule 19 analysis the alleged "prejudice" they have experienced due to the Tribe's gaming operation.[36] Plaintiffs argue that under the Rule 19(b) test, "the court is to weigh the prejudice defendant NVE

---

[32] Opp'n Mot. Dismiss at 40-41; *see United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

[33] *See* Def. Avery Resp. Mot. Dismiss at 2 (citing *Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.4th 843 (2019); *Klamath Irrigation Dist. v. Bureau of Reclamation*, 48 F.4th 934 (9th Cir. 2022); *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984 (9th Cir. 2020); and *Maverick Gaming LLC v. United States*, 123 F.4th 960 (9th Cir. 2024)).

[34] The new Interior Solicitor has suspended the M-Opinion that set out a presumption that Alaska tribes have jurisdiction over Alaska Native allotments such as the one at issue in the case, which adds further uncertainty to the issue. Gregory Zerzan, Senior Advisor exercising the delegated authority of the Solicitor, M-Opinion Review (Feb. 28, 2025) (available at https://www.doi.gov/media/58201); *see also* Solicitor's Opinions, U.S. Dep't of Interior, https://www.doi.gov/solicitor/opinions (explaining that the M-Opinion is "under suspension review").

[35] Def. Avery Resp. Mot. Dismiss at 4-6.

[36] Opp'n Mot. Dismiss at 39-40; *see also* Mot. to Strike, ECF No. 14 at 4-5.

will suffer if this action is allowed to proceed against defendant Avery against the prejudice the plaintiffs will suffer if the court does not allow the action to proceed."[37] This is not an accurate statement of the test.

There are four factors "for the court to consider" under Rule 19(b). Yet as explained in the Tribe's motion to dismiss, the case law is clear that there is "very little room for balancing" the factors when a necessary party is immune from suit.[38] The prejudice alleged by Plaintiffs is simply not enough to outweigh the significant tribal interest in sovereign immunity.

The Rule 19(b)(1) factor is "essentially the same" as the legal interest test under Rule 19(a), which asks, as relevant here, "whether the [non-party] claims a legally protected interest in the subject of the suit such that a decision in its absence will . . . impair or impede its ability to protect that interest."[39] Plaintiffs do not contest the Tribe's showing that it is a required party because it has a legally protected interest which would be impaired

---

[37] Mot. to Strike at 4; *see also* Opp'n Mot. Dismiss at 39 (explaining that the Rule 19 analysis is "a matter of judicial discretion that the court will decide how to exercise after weighing the respective equities of the parties").

[38] Mot. Dismiss at 22-24.

[39] *Skokomish Indian Tribe v. Goldmark*, 994 F. Supp. 2d 1168, 1187 (W.D. Wash. 2014) (alterations in original); *id.* at 1190 ("The first factor in the Rule 19(b) analysis, prejudice to either existing or absent parties, is essentially the same as the legal interest test under Rule 19(a)." (citing *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1460 (9th Cir. 1994); then citing *Confederated Tribes of Chehalis Indian Rsrv. v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991); and then citing *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024-25 (9th Cir. 2002))).

if the case were to proceed in the Tribe's absence.[40] This showing meets the Tribe's burden under Rule 19(b)(1).

Nor do Plaintiffs contest the Tribe's Rule 19(b)(2) showing that if the case were to proceed in the Tribe's absence, the relief could not be shaped to lessen the prejudice to the Tribe.[41] They do not argue that, under Rule 19(b)(3), an adequate remedy could be awarded in the absence of the Tribe without impairing its legal interests.[42] Last, Plaintiffs' Rule 19(b)(4) argument that they would not have an adequate remedy if this matter is dismissed is immaterial. In the Rule 19(b)(4) analysis, "a tribe's interest in sovereign immunity outweighs the lack of an alternative forum."[43]

## V. Conclusion.

For the foregoing reasons, the Native Village of Eklutna respectfully requests that the Court grant the Tribe's Motion to Dismiss.

---

[40] *See* Mot. Dismiss at 14-18; *see also* supra n.32 (citing *Graf*, 610 F.3d at 1166).

[41] *See* Mot. Dismiss at 22-24.

[42] *See id.* at 24.

[43] *Goldmark*, 994 F. Supp. 2d at 1192 (citing *United States v. Washington*, 573 F.3d 701, 708 (9th Cir. 2009)); *see also id.* ("[T]his [fourth] factor is all but foreclosed as a consideration when the absent party exercises sovereign immunity. . . . Although [the Plaintiff] will likely not have an alternative forum following dismissal of this action, this factor does not outweigh the others which favor dismissal particularly where the [Plaintiff's] inability to obtain an alternative forum is due to the necessary parties' sovereign immunity.").

DATED this 24th day of March 2025 at Anchorage, Alaska.

                          SONOSKY, CHAMBERS, SACHSE
                          MILLER & MONKMAN, LLP

               By: */s/ Whitney A. Leonard*
                    Whitney A. Leonard
                    Alaska Bar No. 1711064
                    Richard D. Monkman
                    Alaska Bar No. 8011101
                    Chloe E. Cotton
                    Alaska Bar No. 2011103

**Certificate of Service**

The undersigned certifies that on the 24th day of March, 2025, a copy of the foregoing document was served via ECF on:

Donald Craig Mitchell
dcraigm@aol.com

Amanda Eubanks
amanda.eubanks@usdoj.gov


*/s/ Whitney A. Leonard*
Whitney A. Leonard

Reply in Support of Motion to Dismiss  Page 14 of 14
*Holl et al. v. Avery et al.*, Case No. 3:24-cv-00273-JLR