DONALD CRAIG MITCHELL
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
dcraigm@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

BRIAN HOLL, et al.,                )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )
                                   ) Case No. 3:24-cv-00273 JLR
SHARON AVERY, et. al.,             )
                                   )
        Defendants.                )
_____)

**MOTION FOR RECONSIDERATION**

Plaintiffs move the court to reconsider its Order (June 27, 2025). Docket 35. The ground for this motion is that the order contains two manifest errors of law.

**25 U.S.C. 2**

In its order the court held that in 1993 Assistant Secretary Ada Deer transformed the members of the Native Village of Eklutna (NVE) into a "federally recognized tribe" by including "Eklutna Native Village" on a list of Native Entities she published in the *Federal Register*. The court cited *Miami Nation of Indians of Indiana v. USDOI*, 255 F.3d 342 (7th Cir. 2001) as authority for the proposition that Congress intended 25 U.S.C. 2 to delegate Assistant Secretary Deer the authority to do that.

1

The panel that decided *Miami Nation* concluded that Congress intended 25 U.S.C. 2 and 9 to "delegate[] to the executive branch the power of recognition of Indian tribes" without analyzing the text and legislative history of either statute. In 1971 in the Seventh Circuit that may have been appropriate. But more recently in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the U.S. Supreme Court reaffirmed that district and circuit courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Id*. 394. And the Ninth Circuit subsequently instructed that *Loper* requires district and circuit courts to "review questions of statutory interpretation *de novo*." *State v. Federal Subsistence Board*, 139 F.4th 773, 781 (9th Cir. 2025).

Had this court conducted a *de novo* review it would have concluded the opposite of the result it accepted from the Seventh Circuit. In *Loper* the U.S. Supreme Court reaffirmed that "every statute's meaning is fixed at the time of enactment." *Loper*, *supra* at 394. And the Court has recognized that when they interpret the intent of Congress embodied in a statute district and circuit courts should employ "common sense." *Trump v. Hawaii*, 585 U.S. 667, 696 (2018).

In 1830 Congress decided that the solution to the nascent nation's "Indian problem" was to direct the President to relocate all members of Indian tribes to locations west of the Mississippi

2

River. 4 Stat. 411. In 1832 Congress enacted 25 U.S.C. 2. 4 Stat. 564. It contravenes common sense to conclude that only two years after enacting the Indian Removal Act and without saying so explicitly in the statutory text, Congress intended 25 U.S.C. 2 to delegate a middle-ranking executive branch employee blank-check discretion to create new "federally recognized tribes" entirely on his or her own.[1]

**Federal Rule of Civil Procedure 19**

The court's order granting the NVE's motion to dismiss decided the first and second claims for relief in the Amended Complaint in favor of the federal defendant. But that leaves the third and fourth claims which allege that Congress did not intend the Ondola allotment to be an 18 U.S.C. 1151(c) "Indian allotment," and as a consequence the Ondola allotment is not "Indian lands" as section 4(4) of the Indian Gaming Regulatory Act defines that term. But rather than affording plaintiffs a decision on the merits of their third and fourth claims, the court dismissed the Amended Complaint in its entirety because -

---

[1] If *arguendo* Assistant Secretary Deer's attempt to transform the members of the NVE into a "federally recognized tribe" was *ultra vires*, Congress did not intend the Federally Recognized Indian Tribe List Act (FRITLA) to ratify or affirm Assistant Secretary Deer's unlawful action. Nothing in the text of FRITA mentions, much less does it ratify or affirm, Assistant Secretary Deer's action. And while section 104 directs the secretary of the interior to annually publish a list, section 103(7) mandates that the list be "accurate." Nothing in FRITLA states that the 1993 list was accurate. Nor has Congress concluded that the lists the secretary has published subsequent to FRITLA are accurate. Insofar as the NVE is concerned they are not.

3

citing *Maverick Gaming v. United States*, 123 F.4th 960 (9th Cir. 2024), and *Dine Citizens Against Ruining Our Environment v. BIA*, 932 F.3d 843 (9th Cir. 2019) as controlling authorities - it concluded that the Ninth Circuit had directed that when a "federally recognized tribe" cannot be joined in an action that may affect its interests, FRCP 19 requires a district court to dismiss the complaint in its entirety because the tribe always wins. But that conclusion misconstrues those decisions. Because what *Maverick Gaming*, *Dine Citizens*, and related decisions hold is that after it considers the four factors set out in FRCP 19(b), whether a district court grants or denies a motion to dismiss made by a "federally recognized tribe" defendant pursuant to FRCP 19 is a matter of judicial discretion that the Ninth Circuit will not second guess unless the district court abused its discretion.

In its order the court completely ignored the fourth factor despite the fact that the final agency action that is the subject of this action is allowing the NVE to inflict consequential injuries-in-fact on the plaintiffs - <u>see</u> Amended Complaint, para. 12; Docket 14 (Affidavit of Brian Holl) - and despite the fact that if the court dismisses this action the plaintiffs not only will have no adequate remedy, they will have no remedy.

With respect to the first factor, the Ninth Circuit has instructed that the NVE's voluntary departure as a defendant will

4

not prejudice its interest if the federal defendant will adequately represent the NVE's interest, *Alto v. Black*, 738 F.3d 1111, 1127 (9th Cir. 2013), by making the legal arguments the NVE would have made. *Klamath Irrigation Dist. v. Bureau of Reclamation*, 48 F.4th 934, 944 (9th Cir. 2022). The court then concluded that in this action the federal defendant cannot do so because "the Government's interests in determining whether a tribe is federally recognized and whether to approve a gaming ordinance differ from the Tribe's interests in preserving federal recognition and its approved gaming ordinance." Order, at 12. But the plaintiffs' third and fourth claims do not involve the NVE's status as a "federally recognized tribe." The court decided the tribal status question in the NVE's favor when it granted the motion to dismiss. Rather, the third and fourth claims present a question of statutory construction regarding the federal defendant's determination of the intent of Congress embodied in 18 U.S.C. 1151(c) that the federal defendant, represented by an attorney in the Indian Law Section of the U.S. Department of Justice, is better positioned to defend than the NVE would have been.

DATED: July 2, 2025

Respectfully Submitted,

s/ Donald Craig Mitchell

_____
DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
Attorney for Plaintiffs