UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| BRIAN HOLL, et al., | CASE NO. 3:24-cv-00273-JLR |
| Plaintiffs, | ORDER |
| v. | |
| SHARON AVERY, et al., | |
| Defendants. | |

Before the court is Plaintiffs' motion for reconsideration. (Mot. (Dkt. # 37).) The court has considered Plaintiffs' motion, the record, and the applicable law. Being fully advised, the court DENIES the motion.[1]

Under Federal Rule of Civil Procedure 59(e), upon a motion filed within 28 days of an appealable order or judgment, a litigant may request that the court reconsider or amend its order or judgment. *See* Fed. R. Civ. P. 59(e); *Dominguez v. Better Mortg.*

---

[1] The court relies upon the background discussion and the defined terms contained in its June 27, 2025 order. (*See* 6/27/25 Order (Dkt. # 35).)

*Corp.*, 88 F.4th 782, 789 (9th Cir. 2023). Motions for reconsideration are disfavored, and "[t]he court will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law." L. Civ. R. 7.3(h). A Rule 59(e) motion cannot raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "[a] district court generally should not grant a Rule 59(e) motion in the absence of newly discovered evidence, clear error, or an intervening change in the controlling law." *Wells Fargo Bank v. Mahogany Meadows Avenue Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (quotation marks and citation omitted).

On June 27, 2025, the court dismissed this action with prejudice. (*See* 6/27/25 Order; Judgment (Dkt. # 36).) On July 2, 2025, Plaintiffs moved for reconsideration, arguing that the court's order of dismissal suffers from two manifest errors of law: (1) the court should have concluded that Congress did not delegate to the executive branch the authority to recognize tribes because that interpretation of 25 U.S.C. §§ 2, 9 "contravenes common sense" and because the court, according to Plaintiffs, did not apply a *de novo* standard of review in interpreting the relevant statutory provisions; and (2) after dismissing the Tribe from this action on grounds of tribal sovereign immunity, the court should have reached Plaintiffs arguments that the Ondola allotment was not "Indian lands" eligible for gaming, rather than dismissing the action for failure to join a required party. (Mot. at 1-4.)

Plaintiffs' arguments, however, are no more than simple disagreement with the court's legal analysis and are not proper grounds for reconsideration. As to Plaintiffs' first argument, the court has already applied the proper *de novo* standard of review in determining that the Tribe is federally recognized. (*See* 6/27/25 Order at 5-9.) As to Plaintiffs' second argument, the court has already explained that the Tribe is a required party that must be joined; that the Tribe cannot be joined; and that equity and good conscience require the action to be dismissed in the Tribe's absence. (*See id.* at 9-12.) Indeed, the court has already specifically considered and rejected Plaintiffs' rehashed arguments that the court should adjudicate the status of lands on which the Tribe operates a casino even in the absence of the Tribe itself. (*See id.* at 12 (dismissing this action in relevant part because "the issues in this action go directly to the Tribe's status as a federally recognized tribe *and to the status of lands upon which the Tribe wishes to operate a casino*") (emphasis added).)

Accordingly, for the foregoing reasons, the court DENIES Plaintiffs' motion for reconsideration (Dkt. # 37).

Dated this 7th day of July 2025.

JAMES L. ROBART
United States District Judge